**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**


| | |
|---|---|
| **TERESA M. EVANS** ] | |
| **Plaintiff,** ] | |
| ] | **No.** |
| **v.** ] | **(No. 3:14-mc-0743)** |
| ] | **Judge Campbell** |
| **STATE OF TENNESSEE, et al.** ] | |
| **Defendants.** ] | |


**O R D E R**


The Court has before it a *pro se* civil complaint (Docket Entry No. 6) brought pursuant to 42

U.S.C. § 1983, an application to proceed in forma pauperis (Docket Entry No. 5) and a motion

(Docket Entry No. 1) for case transfer.

The plaintiff is a resident of Caryville, Tennessee. It appears from her application that she

lacks sufficient financial resources from which to pay the fee required to file the complaint.

Accordingly, the application to proceed in forma pauperis is GRANTED. 28 U.S.C. § 1915(a).

The plaintiff filed two cases in the United States District Court for the Eastern District of

Tennessee. Evans v. Tennessee Department of Childrens' Services, et al., Civil No. 3:11-230; Evans

v. Tennessee Department of Childrens' Services, et al.; Civil No. 3:14-120. According to the

complaint, the 2011 case was settled. The 2014 case, on the other hand, was dismissed for

"jurisdictional deficiencies".

The plaintiff, through both her complaint and motion, seeks an order transferring these cases

to this judicial district, have them reopened and amend the settlement agreement entered between

the State of Tennessee and the plaintiff. It is alleged that this is needed to insure "a fair and just settlement for the plaintiff". Docket Entry No. 1 at pg. 1.

To promote the interests of judicial economy, a district court may raise the doctrine of res judicata *sua sponte*. <u>Holloway Construction Co. v. United States Department of Labor</u>, 891 F.2d 1211, 1212 (6th Cir.1989)(per curiam). Thus, an action will be barred under res judicata where (1) prior litigation involved the same parties or their privies, (2) the prior litigation was terminated by a final judgment on the merits, and (3) the prior litigation involved the same claim or cause of action as the present lawsuit. <u>Hydranautics v. Film Tec Corporation</u>, 204 F.3d 880 (9th Cir.2000).

The plaintiff beseeches the Court "to review the following cases and accept jurisdiction". Docket Entry No. 1 at pg. 2. Clearly, the plaintiff is attempting to relitigate cases that have already been resolved in the Eastern District. Therefore, pursuant to the doctrine of res judicata, the instant action is barred.

Accordingly, plaintiff's motion to case transfer is DENIED and the instant action is hereby DISMISSED.

It is so ORDERED.


_____
Todd Campbell
United States District Judge